1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                              **DISTRICT OF NEVADA**
6
7    RIGOBERTO ENRIQUE ISAZA,                )
8                        Plaintiff,          )        Case No. 2:15-cv-00632-JAD-GWF
                                             )
9    vs.                                     )        **ORDER**
                                             )
10   EARL MARSHAL TROTTER,                   )
     FARMERS INSURANCE,                      )
11                                           )
12                       Defendants.         )
13   _____)

14          This matter is before the Court on Plaintiff's Application for Leave to Proceed *in forma*
15   *pauperis* (#2), filed on May 20, 2015.
16                                  **BACKGROUND**
17          Plaintiff alleges he was the victim of fraud because his stepfather refused to share the rental
18   income of the family house.  Plaintiff further alleges Farmers Insurance and Plaintiff's stepfather
19   ("Defendants") breached Plaintiff's Mother's will.  Plaintiff seeks $600 per month in rental income.
20                                   **DISCUSSION**
21   **I.    Application to Proceed In Forma Pauperis**
22          Plaintiff filed this instant action and attached a financial affidavit to his application and
23   complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to
24   28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result,
25   Plaintiff's request to proceed in forma pauperis in federal court is granted.
26   **II.   Screening the Complaint**
27          Federal courts must conduct a preliminary screening in any case in which a prisoner seeks
28   redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §

1   1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

2   are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

3   relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).

4       In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

5   Reform Act, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue,"

6   or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or

7   "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

8   1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is

9   provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard

10   under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

11       Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *See*

12   *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure

13   to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support

14   of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th

15   Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact

16   stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See*

17   *Warshaw v. Xoma Corp*., 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are

18   held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449

19   U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard

20   under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than

21   mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007).  A

22   formulaic recitation of the elements of a cause of action is insufficient.  *Id., See Papasan v. Allain,*

23   478 U.S. 265, 286 (1986).

24       All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

25   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

26   conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims

27   of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

28   factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319,

327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.     Instant Complaint

Plaintiff alleges Defendants subjected Plaintiff to civil rights violations pursuant to 42 U.S.C. § 1983, including "defrauded of probate law monies," "Implied Malice," and "Breach of Will Contracted by Mom [and] Dad." (#1), pgs. 4-6.

### A.     §1983 Civil Rights Claim

Under § 1983, a plaintiff must establish that there was (1) a violation of a Constitutional right or of a right created by Federal statute, (2) proximately caused, (3) by conduct of a person, (4) acting under the color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff names the State of Nevada, Earl Marshal Trotter, and Farmers Insurance as Defendants. It is well established that States are not persons for the purposes of § 1983. *See Arizonians for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Accordingly, the Court must dismiss the State of Nevada as a Defendant.

The question of whether a person who allegedly caused a constitutional injury was acting under color of state law is a factual determiniation. *See Gritchen v. Collier*, 254 F.3d 807, 813 (9th Cir. 2001); *Lopez v. Dep't of Heath Servs*, 939 F.2d , 881, 883 (9th Cir. 1991); *Howerton v. Gaica*, 708 F.2d 380, 383 (9th Cir. 1983). Generally, private parties are not state actors for the purposes of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Defendant Trotter is a private party, and Plaintiff makes no allegations to suggest that he was acting under the color of state law. Plaintiff has also not alleged that Defendant Trotter was conspiring with state officials in a way that would constitute acting under the color of state law. *See Tower v. Glover*, 467 U.S. 914, 920 (1984). Accordingly, the Court must dismiss Earl Marshall Trotter as a Defendant.

A private company generally does not act under state law unless "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Rendell-Baker v. Kohn*, 457 U.S. 830, 835-36 (1982) quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). The Court must examine three factors to determine if this nexus exists: (1) if the private company gets funding from

the State, (2) if the private company is highly regulated, and (3) does the company perform a function that is "traditionally the *exclusive* prerogative of the State."  *Rendell-Baker*, 457 U.S. at 842 [emphasis in orginal] quoting *Jackson*, 419 U.S. at 353.  Public funding alone is insufficient to establish that a private actor is acting under the color of state law.  *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (finding that a public defender was not a state actor despite being paid by the State).  Additionally, extensive regulation may be insufficient to make a private company a state actor for the purposes of § 1983.  *Jackson*, 419 U.S. at 358 (holding that a utility company, even with a partial monopoly, was not a state actor for the purpose of § 1983 despite being subject to extensive state regulation).

Plaintiff did not plead any facts to suggest that Defendant Farmers Insurance receives funding from the State or that the insurance industry is highly regulated.  Plaintiff has offered no proof that the Defendant performs a function that is *exclusively* the prerogative of the State.  Therefore, Plaintiff has not established that Defendant Farmers Insurance acted under the color of state law.  However, the Court cannot state with certainty that Plaintiff could never properly state a claim against the Defendant.  Therefore, the Court will dismiss Plaintiff's complaint with leave to amend.  It is possible that Plaintiff could state a claim for breach of contract, but Plaintiff has not sufficiently established that claim in this complaint, and has not offered a basis for federal jurisdiction on that claim.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**.  Plaintiff shall not be required to pay an initial partial filing fee.  However,

even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1134484), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend.  Plaintiff shall have until **November 5, 2015** to file an amended complaint correcting the noted deficiencies.

**DATED** this 5th day of October, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge

5