UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RIGOBERTO ENRIQUE ISAZA,  )
                Plaintiff,  )  Case No. 2:15-cv-00632-JAD-GWF
vs.  )
                  )  **ORDER AND REPORT AND RECOMMENDATION**
EARL MARSHAL TROTTER,  )
FARMERS INSURANCE,  )
                Defendants.  )

       This matter is before the Court on the screening of Plaintiff's Amended Complaint (#17), filed on November 12, 2015.[1] Plaintiff's request to proceed *in forma pauperis* was previously granted on October 5, 2015. *See Order (#9)*.

       Also before the Court are the following: 1) Plaintiff's Motion to Proceed on Amended Complaint (#14) filed on November 6, 2016, 2) Plaintiff's Writ of Mandamus (#16), filed on November 12, 2016, 3) Plaintiff's Motion to Issue Summons (#22), filed on March 18, 2016, and 4) Plaintiff's Motion to Extend Legal Copy Work (#23), filed on March 18, 2016.

**BACKGROUND**

       Plaintiff alleges he was the victim of fraud because his stepfather refused to share the rental income of the family house. Plaintiff further alleges Farmers Insurance and Plaintiff's stepfather ("Defendants") breached Plaintiff's Mother's will. Plaintiff seeks $600 per month in rental income and injunctive relief.

. . .

---

[1] In the Court's first screening order, it gave Plaintiff until November 5, 2015 to file an amended complaint and plead facts to state a federal claim against Farmers Insurance. *See Order (#9)*. Plaintiff filed an Amended Complaint (#13) on October 28, 2015 that failed to name Farmers Insurance as a defendant. Thereafter, Plaintiff filed an additional Amended Complaint (#17), which the Court will consider the operative complaint for purposes of this screening.

**DISCUSSION**

I. **Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Instant Complaint

Plaintiff alleges Defendants subjected Plaintiff to civil rights violations pursuant to 42 U.S.C. § 1983, including the following causes of action: 1) "Breach of Contract in Accordance to the State of Nevada's Probate Laws," 2) "Declaratory Relief," 3) "Deficiency Judgement on Deed of Trust," 4) "Injunctive Relief," and 5) "Allowances be made on NRS 150.200."

### A.     §1983 Civil Rights Claim

Under § 1983, a plaintiff must establish that there was (1) a violation of a Constitutional right or of a right created by Federal statute, (2) proximately caused, (3) by conduct of a person, (4) acting under the color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Plaintiff names Earl Marshal Trotter and Farmers Insurance as Defendants.

The question of whether a person who allegedly caused a constitutional injury was acting under color of state law is a factual determination.  *See Gritchen v. Collier*, 254 F.3d 807, 813 (9th Cir. 2001); *Lopez v. Dep't of Heath Servs*, 939 F.2d , 881, 883 (9th Cir. 1991); *Howerton v. Gaica*, 708 F.2d 380, 383 (9th Cir. 1983).  Generally, private parties are not state actors for the purposes of § 1983.  *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  Defendant Trotter is a private party, and Plaintiff makes no allegations to suggest that he was acting under the color of state law or that he violated a Constitutional right or a right created by Federal statute.  Plaintiff has also not alleged that Defendant Trotter was conspiring with state officials in a way that would constitute acting under the color of state law.  *See Tower v. Glover*, 467 U.S. 914, 920 (1984).  Accordingly, the Court must dismiss Earl Marshall Trotter as a Defendant.

A private company generally does not act under state law unless "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Rendell-Baker v. Kohn*, 457 U.S. 830, 835-36

(1982) quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). The Court must examine three factors to determine if this nexus exists: (1) if the private company gets funding from the State, (2) if the private company is highly regulated, and (3) does the company perform a function that is "traditionally the *exclusive* prerogative of the State." *Rendell-Baker*, 457 U.S. at 842 [emphasis in orginal] quoting *Jackson*, 419 U.S. at 353. Public funding alone is insufficient to establish that a private actor is acting under the color of state law. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (finding that a public defender was not a state actor despite being paid by the State). Additionally, extensive regulation may be insufficient to make a private company a state actor for the purposes of § 1983. *Jackson*, 419 U.S. at 358 (holding that a utility company, even with a partial monopoly, was not a state actor for the purpose of § 1983 despite being subject to extensive state regulation).

      Plaintiff's original complaint was dismissed because Plaintiff failed to plead any facts to establish that Defendant Farmers Insurance acted under the color of state law. Plaintiff's Amended Complaint suffers from the same deficiencies. First, Plaintiff does not suggest that Defendant Farmers Insurance receives funding from the State or that the insurance industry is highly regulated. Plaintiff also failed to offer proof that Defendant Farmers performs a function that is *exclusively* the prerogative of the State. Plaintiff has not pled sufficient facts to state a claim under § 1983. Under the facts presented in Plaintiff's Amended Complaint, the Court finds that Plaintiff will be unable to successfully state a proper claim against Defendant Farmers Insurance. Therefore, the Court will recommend that Plaintiff's Amended Complaint be dismissed. Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed on Amended Complaint (#14) is **denied**.

      **IT IS FURTHER ORDERED** that Plaintiff's Writ of Mandamus (#16) is **denied** as **moot**.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Issue Summons (#22) and Motion to Extend Legal Copy Work (#23) are **denied**.

### RECOMMENDATION

      **IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint be **dismissed** with prejudice for failure to state a claim upon which relief can be granted. It is clear from the face

of the complaint that Plaintiff will be unable to cure the noted deficiencies. *See Cato,* 70 F.3d at 1106.

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of April, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge